## WILLIAM HIXON *vs.* NICHOLAS SCHOOLEY.

1. The commencement of a prior action for the same cause is a good plea in abatement, whether such prior action be at the suit of the plaintiff or of his attaching creditor.

2. A plea of an action pending is a good cause for suspending the proceedings for a reasonable time for the former action to be determined.

3. If a plea in abatement is filed, setting up a former suit for the same cause of action, the plea must show that the former action is still pending, or has been prosecuted to judgment; and it must be proved to the court, by affidavit or otherwise, that the matter set forth is true.

4. In justices' courts, strict and formal pleading is not required, but everything in substance must be done there that is required in the higher courts.

5. A writ of attachment was returned, served on goods and chattels, moneys, rights, credits, and effects of S., the defendant therein, in the possession or custody of W. H.   *Held,* that in a suit by S. against W. H., the attachment could not be pleaded in abatement, as it was not shown that the debt for which the suit was brought was attached under the writ of attachment.

This cause comes before the court on a writ of *certiorari* to the Warren County Common Pleas.

Argued before Justices OGDEN and HAINES.

HAINES, J.   Schooley brought his action in a court for the trial of small causes, for work and labor done for Hixon, the defendant below.

On the hearing before the justice, Hixon pleaded in abatement a suit in attachment pending in the Court of Common Pleas of the county of Northampton, in Pennsylvania, against him for the same debt, at the suit of a creditor of Schooley. The justice overruled the plea, and gave judgment on the merits in favor of the plaintiff below.   On the appeal, the same motion was renewed, and the Court of Common Pleas likewise overruled the plea and affirmed the judgment.   To reverse this judgment, the writ of *certiorari* was sued out.

The commencement of a prior action for the same

cause is a good plea in abatement, whether it be at the suit of the plaintiff or of his creditor. If a former suit determined be properly pleaded, it will operate as a complete bar. A plea of an action pending is a good cause for suspending the proceedings for a reasonable time for the former action to be determined. *Savage's case*, 1 *Salk.* 191 ; *Brooks* v. *Smith, Ib.* 180 ; *Embree* v. *Hanna,* 5 *Johns. R.* 101.

But the former action must be properly pleaded, otherwise the court cannot give it effect. By rule of this court, no dilatory plea, or plea of another judgment, can be received, unless the party offering it offer therewith to be filed an affidavit proving the truth thereof, or shows some probable cause to the court to induce them to believe that the matter therein set forth is true. In the justices' courts we do not require strict formal pleading, but everything in substance must be said and done there that in form is required in the higher court.

When a plea in abatement is offered in either court, there must be something to satisfy that court of the truth of the matter therein set forth. There must be something offered with the plea of a former suit pending to show the truth of the averments therein. The record may show the institution of the suit, but that is not sufficient; there must be proof, by affidavit or otherwise, that such suit is still pending. If that appear by the record, it may be sufficient; if not, there must be proof.

In this case the record offered is of a suit commenced ; but there is no proof, by the record or otherwise, that it was proceeded in to judgment, or was still pending. The justice was not, therefore, bound to regard it as proof of a former action pending, nor to stay or abate the suit before him on that account.

But if the pending of the former suit had been properly pleaded and sustained by proof, there is another objection to its validity in this case.

If the writ of attachment authorized the sheriff to

attach rights and credits, which it does not in terms, whatever it may be in effect, he did not, so far as appears, actually levy on the credit now in question. There is a return of the service of the attachment on " goods and chattels, moneys, rights, credits, and effects of Schooley, the defendant therein, in the possession or custody of William Hixon." What credits or rights they were, whether this credit, the debt due from Hixon to Schooley or some other, we are not informed by the return of the sheriff, and there is no inventory produced to add to our information.

We think the Court of Common Pleas were correct in affirming the judgment of the justice, and that their judgment should be affirmed, with costs.

OGDEN, J., concurred.

CITED in *Denny* v. *Quintin*, 4 *Dutch.* 136.